**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ERIK AKERMAN, on behalf of himself and all
others similarly situated,

                           Plaintiff,

v.

ITHACA COLLEGE,

                           Defendant.

3:23-cv-1565
(ECC/TWD)

_____

Michael A. Thompson, Esq., _for Plaintiff_
Robert J. Burns, Esq., _for Defendant_

**Hon. Elizabeth C. Coombe, United States District Judge:**

**ORDER PRELIMINARILY APPROVING SETTLEMENT; CERTIFYING CLASS;**
**APPROVING NOTICE; AND SETTING DATE FOR FINAL APPROVAL HEARING**

**I.  INTRODUCTION**

On December 12, 2023, Plaintiff filed this diversity class action against Defendant Ithaca

College (Ithaca) alleging breach of implied contract and unjust enrichment related to the lack of

in-person and on-campus activities during Spring 2020.  Dkt. No. 1.  Presently before the Court is

Plaintiff's unopposed motion for preliminary approval of a class action settlement and certification

of the proposed settlement class for settlement purposes.  Dkt. No. 52.  After considering Plaintiff's

submissions, Dkt. No. 52, Defendant's submissions, Dkt. No. 53, the settlement agreement and

release, Dkt. No. 52-3, and the oral arguments of counsel presented during a preliminary hearing

held by videoconference, for the reasons articulated during the preliminary hearing and below, the

motion for preliminary approval of the settlement is granted pursuant to the terms and conditions

stated in this Order, and the settlement class described below is conditionally certified for

settlement purposes only.

## II.    STANDARD OF REVIEW[1]

"Preliminary approval of a proposed settlement is the first in a two-step process required [by Federal Rule of Civil Procedure (Rule) 23(e)] before a class action may be settled." *In re NASDAQ Mkt.-Makers Antitrust Litig. (NASDAQ)*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). "At this stage, [the court] need only decide whether the terms of the Proposed Settlement are 'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262, 2018 WL 3475465, at *1 (S.D.N.Y. July 19, 2018) (quoting *NASDAQ*, 176 F.R.D. at 102). "This analysis is 'a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Id.* (quoting *In re Traffic Exec. Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980)).

## III. DISCUSSION

### A.    Settlement Class

"Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied." *In re Am. Int'l Grp., Inc. Sec. Litig. (In re AIG)*, 689 F.3d 229, 238 (2d Cir. 2012). When the litigation is "being settled, rather than litigated, the Court need not consider the manageability issues that litigation would present." *Berkson v. Gogo LLC*, 147 F. Supp. 3d 123, 159 (E.D.N.Y. 2015) (quotation omitted). "The district court must also determine whether the action can be maintained under Rule 23(b)(1), (2), or (3)." *In re AIG*, 689 F.3d at 238. Here, Plaintiffs seek certification of the settlement class under Rule 23(b)(3), "which permits certification where 'the court finds that

[1] The legal discussion in this order is largely taken from *Hill v. Montgomery*, 14-cv-933 (BKS/DJS), 2020 WL 5531542 (Sept. 15, 2020).

the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). Although trial management concerns "drop out of the predominance analysis," when considering a settlement class, "the certifying court must still determine whether the 'the legal or factual questions that qualify each class member's case as a genuine controversy' are sufficiently similar as to yield a cohesive class." *Id.* at 240 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)).

### 1. Rule 23(a)(1)

#### a. Numerosity

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." In general, numerosity is presumed where a putative class has 40 or more members. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011). The proposed class satisfies the numerosity requirement because there are approximately 5,200 class members. Dkt. No. 56.

#### b. Commonality and Typicality

Next, a plaintiff seeking class certification must show "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A question of law or fact is common to the class if the question is "capable of classwide resolution—which means that its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The common questions must generate "common answers apt to drive the resolution of the litigation." *Mazzei v. Money Store*, 829 F.3d 260, 272 (2d Cir. 2016) (quoting *Dukes*, 564 U.S. at 350). "Where the same conduct or practice by the same defendant gives rise to

3

the same kind of claims from all class members, there is a common question." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (quoting *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014)).

Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007) (quoting *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001)). But typicality "does not require that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Caridad v. Metro-N. Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999), *overruled on other grounds by In re IPO*, 471 F.3d 24, 42 (2d Cir. 2006). "The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). Here, the commonality and typicality requirements are satisfied because the class members share common claims based on the Defendant's alleged breach of contract and injuries arising from Defendant's decision to suspend in-person classes during the spring 2020 semester, and there are no unique defenses or legal theories. Dkt. No. 1.

### c. Adequacy of Representation

"Generally, adequacy of representation entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin &*

*Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).  A named plaintiff must be "prepared to prosecute fully the action and have no known conflicts with any class member."  *Shahriar*, 659 F.3d at 253; *accord Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006) ( "the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members").  As a result, "the named plaintiffs must 'possess the same interest[s] and suffer the same injur[ies] as the class members.'" *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011) (alterations in original) (quoting *Amchem*, 521 U.S. at 625–26). In addition, "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Baffa*, 222 F.3d at 59 (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)).

After carefully reviewing the record, the Court finds that there is no indication that Plaintiff Akerman's interests would be at odds with the interests of the putative class members.  In addition, Plaintiff Akerman has actively participated in the litigation and has a financial interest in the outcome of the litigation.  Regarding class counsel, the Court further finds, based on Plaintiff's Counsel's extensive experience in litigating class actions including tuition refund cases on behalf of students as well as their work in this case, that Plaintiff's counsel are adequate class counsel. As a result, class counsel are: Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514, and Nicholas A. Colella of Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222.

2.    **Rule 23(b)(3)**

a.  **Predominance**

In addition to meeting all Rule 23(a)'s requirements, a class proponent must satisfy at least one of Rule 23(b)'s three categories.  *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 317 F.R.D. 374, 385 (S.D.N.Y. 2016).  Here, Plaintiff relies on Rule 23(b)(3).  For certification under that subsection, Plaintiff must establish that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Mazzei*, 829 F.3d at 272.  It is satisfied when (1) resolution of any material legal or factual questions can be achieved through generalized proof, and (2) these common issues are more substantial than the issues subject only to individualized proof.  *Superannuation Scheme Ltd. v. Petróleo Brasileiro S.A.* (*In re Petrobras Sec.*), 862 F.3d 250, 270 (2d Cir. 2017).  "The distinction between 'individual' and 'common' questions is thus central to the predominance analysis."  *Petrobras*, 862 F.3d at 270.  An "individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof."  *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016) (alteration in original) (cleaned up).  The predominance requirement is "far more demanding" than Rule 23(a)'s commonality requirement, and it is not satisfied "simply by showing that the class claims are framed by the common harm suffered by potential plaintiffs."  *Amchem*, 521 U.S. at 624.

Here, the putative class members are unified by common factual allegations, and the Court finds that those common questions predominate.

### b. Superiority

To certify a class under Rule 23(b)(3), a class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy," considering factors including: (1) "the class members' interests in individually controlling the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation concerning the controversy already begun by or against members of the class"; (3) "the desirability or undesirability of concentrating the litigation in the particular forum"; and (4) "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)–(D).

Here, putative class members other than the named Plaintiff would have little interest in individual lawsuits, and the potential recovery for each individual is small compared to the cost of litigation. In addition, Plaintiff's counsel is not aware of any pending individual lawsuits filed by the putative class members arising from the same allegations. Regarding the forum, concentrating the litigation in this Court is desirable because the allegedly wrongful conduct occurred within the jurisdiction of this Court.

For these reasons, the Court concludes Plaintiff meets all the requirements for class certification under Rules 23(a) and (b)(3) and conditionally certifies, for settlement purposes only, the following class under Rule 23(e):

> All students enrolled as undergraduate or graduate students on campus at Ithaca for the Spring 2020 semester who did not withdraw prior to March 23, 2020, for whom any amount of tuition and fees were paid from any source other than a scholarship or grant from Ithaca to Ithaca for the Spring 2020 semester, and whose tuition and fees have not been refunded in their entirety prior to this Settlement.

Dkt. No. 52-9.  Excluded from the settlement class are (1) students who were registered exclusively for online-only classes at the beginning of the Spring 2020 semester, (2) students who paid no tuition or fees (i.e., students who received more in scholarships or grants from Ithaca than what was charged in tuition and/or mandatory fees), (3) students who left, withdrew, or otherwise had completed their academic studies prior to March 23, 2020, (4) any District Judge or Magistrate Judge presiding over this action and members of their families; (5) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (6) persons who properly execute and file a timely request for exclusion from the class; and (7) the legal representatives, successors or assigns of any such excluded persons. *Id.*

### B.    Preliminary Approval of Settlement

After a full-day mediation with the Honorable Suzanne H. Segal (Ret.), the parties entered into a settlement agreement to resolve this litigation.  Dkt. No. 52-3.  The settlement agreement and supporting materials provide the terms and conditions for the proposed settlement and dismissal with prejudice of this action against Ithaca.  *Id.*

Preliminary approval is appropriate only if the court "*will likely be able to* (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 28 (E.D.N.Y. 2019) (quoting Fed. R. Civ. P. 23(e)(1)(B)(i)–(ii)).  The question is whether the court will likely be able to find that the settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), considering the Rule 23 factors—"(1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members"—and

the "factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)." *GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 686, 692 (S.D.N.Y. 2019).

Based on the Court's review of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval of Settlement, the Declaration of Michael A. Tompkins (Tompkins Declaration), the other documents submitted with Plaintiff's Motion for Preliminary Approval, and the representations of counsel during the May 14, 2025 video conference regarding the settlement, the Court is satisfied that the terms and conditions in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiff and Defendant. The terms of the Settlement Agreement are preliminarily approved subject to further consideration at the Fairness Hearing discussed below. The Court finds that the settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

### C. Class Notice

When a Rule 23(b)(3) class is certified for purposes of settlement, Rule 23 requires that the class receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," Fed. R. Civ. P. 23(c)(2)(B); and that the Court "direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1).

### 1. Notice Content

According to Rule 23, the "best notice . . . practicable" "must clearly and concisely state in plain, easily understood language:"

    (i) the nature of the action;
    (ii) the definition of the class certified;
    (iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Revised Class Notice of Settlement (the notice): (1) describes of the nature of the action, (2) contains the class definition, (3) describes the class claims and defenses, (4) states that class members may appear via an attorney, (5) instructs class members that they may request exclusion, (6) instructs how and when to request exclusion, and (7) informs that the Court's orders and judgments are binding. Dkt. No. 57 at 19-24. There are, however, some issues that need to be addressed.

First, the non-cash benefits described in Question 4(a) should be mentioned with the summary of the cash settlement at the beginning of the notice. Second, more information about the election form process should be provided with the individual login credentials at the beginning of the notice. Third, in "YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT," there should be lines between the sections creating a table to make it easier for the class members to read. In addition, the "PARTICIPATE" language should be revised to make the election form process more clear. Class members can complete the online election form or "fill out, sign and return the Election Form to the Settlement Claims Administrator by xx, 2025 [30 days from Mailing]," but it is not clear how to obtain the election form, where to send it, or how to send it. It is also not clear that the deadline for election forms applies regardless of how it is submitted. Fourth, Question 3 mentions "potential appellate litigation." This should state "ongoing and potential appellate litigation." Fifth, Question 15, second line, the reference to the settlement website should be a hyperlink or at least the address for the website. Finally, there are a few

typographical errors: (1) Question 4, II, has a font error for the first sentence; (2) Question 6, second paragraph, there is an extra space after the website address.   The Court also needs to review a copy of the election form.

### 2. Notice Procedure

Beginning no later than August 4, 2025, Defendant shall produce the Class List to the settlement administrator.  No later than August 19, 2025, Class Counsel shall cause the notices, as approved by the Court, to be emailed, expeditiously in the manner set forth in the Settlement Agreement.  No later than August 26, 2025, class counsel shall cause notices and election forms to be mailed to class members with no valid email address.  Fourteen days before the Fairness Hearing, Plaintiff or the settlement administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

The notice to be provided as set forth in the Settlement Agreement is found to be the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of New York and all other applicable laws. The Notice, with the revisions directed by the Court, are accurate, objective, informative and provide class members with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

Further, class counsel are authorized to retain Apex Class Action LLC as settlement administrator in accordance with the terms of the Settlement Agreement and this Order.

### 3. Requests for Exclusion from the Settlement Class

As set forth in the notice, any member of the settlement class that wishes to be excluded ("opt out") from the settlement class must mail a written, signed statement to the settlement administrator by September 22, 2025 as detailed in the notice.  Members of the settlement class may not exclude themselves by filing requests for exclusion as a group or class, but must individually and personally execute a request for exclusion and mail it to the settlement administrator.

Any member of the settlement class who does not properly and timely request exclusion from the settlement class shall be bound by all the terms and provisions of the settlement agreement, including but not limited to the releases, waivers and covenants described in the settlement agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement Fund created pursuant to the settlement agreement.

### D. The Fairness Hearing

A hearing on final settlement approval (the Fairness Hearing) is hereby scheduled to be held before this Court on October 28, 2025 at 10:00 a.m. in Syracuse, New York, to consider the fairness, reasonableness, and adequacy of the proposed settlement, and the entry of final judgment in the class action.  Class counsel's application for award of attorneys' fees and costs shall be heard at the time of the Fairness Hearing.  The date and time of the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the settlement class other than that which may be posted by the Court.

Any person or entity that does not elect to be excluded from the settlement class may, but need not, enter an appearance through his or her own attorney. Settlement class members who do not enter an appearance through their own attorneys will be represented by class counsel.

Any person who does not elect to be excluded from the settlement class may, but need not, submit comments or objections to the proposed settlement. Any settlement class member may object to the proposed settlement, entry of the Final Order and Judgment approving the settlement, and class counsel's application for fees and expenses by filing and serving a written objection.

Any class member making an objection (an objector) must sign the objection personally. An objection must state the reasons for the objection to the proposed settlement and provide the basis for the objection. If an objector plans to speak at the Fairness Hearing, the objection must include a notice of the objector's intent to call in and speak at the hearing.

Objections, along with any notices of intent to speak, must be filed no later than October 5, 2025. If counsel is appearing on behalf of more than one class member, counsel must identify each such class member and each class member must have complied with the requirements of this Order. These documents must be filed with the Clerk of the Court at the following address:

Clerk of the Court
United States District Court for the Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton Street
Syracuse, NY 13261

Objections, along with any notices of intent to appear, must also be mailed to the Settlement Administrator at:

*Akerman v. Ithaca College*
c/o Settlement Administrator
P.O. Box 54668
Irvine, CA 92619

Only class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing. Any Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Order and Judgment, or to Class Counsel's application for fees, costs and expenses, in accordance with the procedure set forth in the notice and mandated in the Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise. Settlement class members need not call into the hearing or take any other action to indicate their approval.

All members of the settlement class who do not personally and timely request to be excluded from the settlement class are enjoined from proceeding against the Defendants.

**E. Other Provisions**

Counsel for the parties are authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the settlement agreement, including making without further approval of the Court minor changes to the form or content of the notice, and other exhibits that they jointly agree are reasonable and necessary.

If the settlement agreement is terminated or is not consummated for any reason whatsoever, the conditional certification of the settlement class shall be void. Defendants shall reserve all arguments, defenses and issues that they would have been able to raise absent the settlement of this action, including the right to contest the allegations made by the Plaintiffs. Additionally, Plaintiffs shall reserve all of their rights, absent the settlement of this action.

**V.    Class Action Settlement Procedure**

The Court hereby sets the following settlement procedure:

| Step 1 | August 4, 2025 | Defendant to produce the class list to the settlement administrator |
|---|---|---|
| Step 2 | August 19, 2025 | E-Mail of notice and election form |
| Step 3 | August 26, 2025 | Mailing of notice and election form to class members who do not have a valid email address |
| Step 4 | October 5, 2025 | Last day for class members to: (i) submit an election form; (ii) "opt out" of the settlement; or (iii) submit a written objection to the settlement<br><br>Under certain circumstances, this deadline may be extended by an additional 15 days in accordance with § 1.20 and 2.3.5 of the settlement agreement. |
| Step 5 | October 28, 2025  at 10:00 a.m. | Fairness Hearing |

For these reasons, it is

**ORDERED** that the motion to certify a class for purposes of settlement and for preliminary approval of class settlement, Dkt. No. 52, is **GRANTED**, and the settlement agreement is preliminarily approved, the settlement class is conditionally certified, and notice shall be e-mailed and mailed to all class members in accordance with the terms of the settlement agreement; and it is further

**ORDERED** that Plaintiff is directed to file the revised notice and election form by June 12, 2025; and it is further

**ORDERED** that any motion to certify a class, for final approval of class action settlement, and for attorneys' fees and costs shall be filed by October 10, 2025; and it is further

**ORDERED** that any motion for attorneys' fees and costs shall be supported by contemporaneous attorney billing records.

**IT IS SO ORDERED.**

Date:   June 5, 2025
        Syracuse, New York

Elizabeth C. Coombe
U.S. District Judge