# LEEDS BROWN LAW, P.C.

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873- 9550

_____ *Attorneys at Law* _____

June 12, 2025

***Via ECF***
Honorable Elizabeth C. Coombe, U.S.D.J.
United States District Court
Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton Street,
Syracuse, New York 13261

   Re: ***Akerman v. Ithaca College***
     Case No.: 3:23-cv-01565-ECC-TWD

Dear Judge Coombe,

  Our firm, along with Lynch Carpenter LLP, represent Plaintiff Erik Akerman and the proposed settlement class ("Plaintiffs") in the above referenced matter and write jointly with Defendant Ithaca College, for two reasons pursuant to the Court's June 5, 2025 Order Preliminarily Approving Settlement; Certifying Class; Approving Notice; and Setting Date for Final Approval Hearing ("Preliminary Approval Order," Dkt. 60).

  First, attach as **Exhibit A** is the agreed-upon second revised Notice of Class Action Settlement pursuant to the Court's Preliminary Approval Order, along with the revised Election Form as **Exhibit B**. Redline versions are attached as **Exhibits C** and **D**, respectively. We believe that the attached Notice and Election Form complies with the Court's directives and appropriately informs the proposed Settlement Class of the relevant issues and deadlines.

  Second, the Parties request clarity from the Court on the opt-out deadline in its Preliminary Approval Order. On page 12 of the Order the Court indicates that "any member of the settlement class that wishes to be excluded ('opt out') from the settlement class must mail a written, signed statement to the settlement administrator by *September 22, 2025,* as detailed in the notice" (emphasis added). However, on page 15 for Step 4, the Court indicates October 5, 2025, as the "Last day for class members to: (i) submit an election form; (ii) 'opt out' of the settlement; or (iii) submit a written objection to the settlement." The Parties respectfully wish to seek clarification whether to utilize the opt-out deadline for September 22, 2025, or October 5, 2025.

  We thank Your Honor for your consideration and attention to this matter, and to the extent

Your Honor requires anything further, the Parties are available at the Court's convenience.

Respectfully Submitted,

_/s/ Michael A. Tompkins_____
Michael A. Tompkins, Esq.
516.873.9550
mtompkins@leedsbrownlaw.com

*Counsel for Plaintiff and the
Proposed Settlement Class*

cc: All Counsel of Record (via ECF).

# Exhibit A

Second Revised Notice of Class Action
Settlement - Clean Version

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF NEW YORK**

Case No. 3:23-cv-1565-ECC-TWD

*Akerman v. Ithaca College*

## ATTENTION: FORMER STUDENTS OF ITHACA COLLEGE
## YOU MAY BE ENTITLED TO MONEY AS PART OF THE PROPOSED SETTLEMENT

**Please read this:**

**NOTICE OF CLASS ACTION SETTLEMENT**

«IMbFullBarcodeEncoded»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

Apex ID «Apex ID»
«Barcode_Encoded_112782»

**TO:**  **All students enrolled as undergraduate or graduate students on campus at Ithaca College during the Spring 2020 semester who did not withdraw prior to March 23, 2020, for whom any amount of tuition and fees were paid from any source other than a scholarship or grant from Ithaca to Ithaca for the Spring 2020 semester, and whose tuition and fees have not been refunded in their entirety prior to this Settlement.**

DATED: _____, 2025

### PLEASE READ THIS NOTICE CAREFULLY

This Notice relates to a proposed settlement of this class action litigation. It has been authorized by the United States District Court, Northern District of New York and Honorable Elizabeth C. Coombe, U.S.D.J. It contains important information as to your right to participate in the settlement or elect not to be included in the class. The following pages detail your options, your rights, common questions, and relevant issues that Class Members ask about class action settlements.

More information is available on the settlement website at **www.IthacaRefundLawsuit.com**

**Your Estimated Settlement Award is: $«MERGED_Tuition/Fees_Net»**

Which is based on the net amount of tuition and fees paid by you or on your behalf for the Spring 2020 semester, which is reflected in Ithaca College's records to be: [$Total individual net tuition and fees]

**Your Website Login Credentials to complete an online payment Election Form are:**

| Last Name | «Last Name» |
|-----------|-------------|
| Login ID  | «Apex ID»   |

**For a change of address or to receive an electronic payment you will need to submit an Election Form, which is available at the Settlement Website www.IthacaRefundLawsuit.com. Upon logging in, you will need to input your unique login credentials (found above) and choose the method of payment you would like to receive (physical mailing to your current address, Venmo, or PayPal). You are not required to complete the Election Form in order to receive payment. If you do not complete the Election Form, you will still receive your share of the Settlement in the form of a check to your last known mailing address maintained by Ithaca.**

### INTRODUCTION

Erik Akerman ("Plaintiff"), a student at Ithaca College ("Ithaca" or "Defendant") during the Spring 2020 semester, commenced this action alleging breach of contract and quasi contract claims stemming from Ithaca's transition to remote learning during the Spring 2020 Semester as a result of the Covid-19 Pandemic. The court in charge of this case is the United States District Court, Northern District of New York (the "Court"). The lawsuit is known as *Akerman v. Ithaca College* (the "Lawsuit"). Erik Akerman is the Named Plaintiff, and Ithaca is the Defendant (together, the "Parties"). Plaintiff alleges in the Lawsuit that, among other things, Ithaca breached the terms of the contract entered into with Plaintiff and similarly situated individuals when Ithaca stopped providing in-person and on-campus educational services, as well as access to certain campus services and facilities on or about mid-March 2020 at the start of the Covid-19 pandemic. Plaintiff sought, for himself and the Class members, a pro-rated refund of tuition and fees for the respective time that Ithaca switched to remote learning and services.

Ithaca has defended and vigorously contested the claims in the Lawsuit. Ithaca denies any and all liability and wrongdoing and has asserted numerous defenses, including that the Class Members were provided with the contracted-for services, and Ithaca has not unjustly retained any benefit from the Class Members. The Parties have decided to settle the Lawsuit to avoid the expense, inconvenience, and distraction of litigation. Mediation with Hon. Suzanne H. Segal (Ret.) resulted in a proposal and resolution that was accepted by both Parties to resolve the claims in this action and would result in class-wide relief in exchange for a class-wide release of claims. The Court has not decided who is right and who is wrong.

The Parties have agreed to settle the Lawsuit subject to the approval of the Court via a signed Settlement Agreement and Release (referred to herein as "Settlement"). Ithaca has agreed to confer benefits upon the class in the amount of $1,500,000.00, from which it will create a settlement fund that will provide compensation to Class Members, pay for notice and administration costs, provide for any approved service award to Plaintiff, and compensate the attorneys for any approved fees, costs, and expenses. Class Members shall also receive non-cash benefits in terms of (1) a one-time tuition credit of $800 per student if such student attends graduate school at Ithaca, except this benefit shall not apply to physician assistant graduate programs, and (2) a complimentary ticket to Alumni Weekend (as further detailed below in Question 4.a below). The Parties have reached this Settlement through negotiations and mediation sessions, and then presented it to the Court for review and approval. As determined through that process, you are entitled to participate, and your legal rights may be affected. These rights and options are summarized below and explained in detail throughout this Notice.

## <u>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT</u>:

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the Settlement you do not need to do anything. If you do nothing you will receive a check upon approval of the Settlement by the Court to your last known mailing address maintained by Ithaca. However, if you want to receive your payment in electronic form OR update your mailing address, then you should fill out, sign and return the Election Form attached with this Notice to the Settlement Claims Administrator by October 5, 2025 [30 days from Mailing] to: <br><br> *Akerman v. Ithaca College* <br> c/o Settlement Administrator <br> P.O. Box 54668 <br> Irvine, CA 92619 <br><br> – or utilize the website that has been established for this case www.IthacaRefundLawsuit.com and complete the online Election Form with your unique login credentials provided on the first page of this Notice. The Election Form will need to be submitted by October 5, 2025 [30 days from Mailing] no matter what method you choose to submit it with. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the Lawsuit, you must follow the directions outlined in response to Question 7 below. |
| **OBJECT** | If you do not opt-out, you may object to the settlement if you choose to do so. If you wish to object, you will need to write to the Court to explain why you are objecting or if you believe the Settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the Settlement for claims under Federal law. You will not be bound by the Settlement if you opt-out of this action as described herein. |
| **DO NOTHING** | Any Class Member who does not submit an Opt-Out Statement described herein will be deemed to have accepted the Settlement, will be bound by the Approval Order, and will have any Released Claims released and dismissed with prejudice. Additionally, you will not be allowed to pursue claims (as described herein) against Ithaca, separately or as part of this Lawsuit. |

## FREQUENTLY ASKED QUESTIONS

| Question 1. | Why did I receive this notice? |
| --- | --- |

You received this notice because Ithaca's records show that you were enrolled as an on-campus student at Ithaca during the Spring 2020 semester and you did not withdraw prior to March 23, 2020, and may therefore be an eligible Class Member.

The official class definition is: All students enrolled as undergraduate or graduate students on campus at Ithaca College during the Spring 2020 semester who did not withdraw prior to March 23, 2020, for whom any amount of tuition and fees were paid from any source other than a scholarship or grant from Ithaca to Ithaca for the Spring 2020 semester, and whose tuition and fees have not been refunded in their entirety prior to this Settlement. But for the avoidance of any doubt, excluded from the Settlement Class are (1) students who were registered exclusively for online-only classes at the beginning of the Spring 2020 semester, (2) students who paid no tuition or fees (i.e., students who received more in scholarships or grants from Ithaca than what was charged in tuition and/or Mandatory Fees), (3) students who left, withdrew, or otherwise had completed their academic studies prior to March 23, 2020, (4) any District Judge or Magistrate Judge presiding over this Action and members of their families; (5) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (6) persons who properly execute and file a timely request for exclusion from the class; and (7) the legal representatives, successors or assigns of any such excluded persons.

If you believe you are subject to one of these exclusions and wish to discuss, please contact Class Counsel.

| Question 2. | What is a class action? |
| --- | --- |

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These similarly-situated people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Elizabeth C. Coombe, U.S.D.J. is presiding over this class action.

| Question 3. | Why is there a settlement? |
| --- | --- |

Plaintiff and Class Counsel analyzed and evaluated the merits of the claims made against Defendant in the litigation. Based upon Class Counsel's due diligence, and the substantial risks of a continued litigation, including the possibility that the Lawsuit, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff and Defendant entered into this Settlement. Ithaca denies all allegations of wrongdoing and liability in this matter. There has been no finding of liability by any Court. However, in order to support its students and to resolve the lawsuit, but without admitting any wrongdoing, Ithaca has agreed to this Settlement. Class Counsel is satisfied that the terms and conditions of this Settlement are fair, reasonable, and adequate, and that this Settlement is in the best interest of Plaintiff and Class Members – especially in light of the uncertainty of the case law and ongoing and potential appellate litigation.

| Question 4. | How much will I get paid if I join the Settlement? |
| --- | --- |

Each Class Member who does not opt-out of participating in the Settlement will receive a proportionate share of the Settlement Fund, as follows:

The Settlement Claims Administrator shall prepare calculations to be approved by the Parties, and the Net Settlement Fund shall be distributed proportionately to all Class Members based on the following terms and criteria:

I.    Class Members who enrolled for online-only classes at the beginning of the Spring 2020 Semester, who paid no tuition or fees, or who left Ithaca prior to March 23, 2020, are not eligible to collect any proceeds.

II.   The Net Settlement Fund shall be allocated to Class Members on a prorated basis based on a percentage of net tuition and fees paid to Ithaca during the Spring 2020 Semester. Specifically, each student shall receive a proportionate and prorated distribution of proceeds based on the net amount of tuition and fees paid for the Spring 2020 semester, divided by the total net amount of tuition and fees that all students paid for the Spring 2020 semester to Ithaca. Any Ithaca-backed aid, grants, or other tuition and fee reductions that do not require repayment, as well as any unpaid balances, shall not be counted as tuition and fees paid.

Additionally, Class Members shall be entitled to the following Non-Cash Benefits:

a. **Graduate School Tuition Discount and Alumni Weekend.** Class Members shall also receive non-cash benefits in terms of (1) a one-time tuition credit of $800 per student if such student attends graduate school at Ithaca, except this benefit shall not apply to physician assistant graduate programs, and (2) a complimentary ticket to Alumni Weekend. To collect the one-time tuition credit, Class Members shall, as part of the financial aid process, indicate to the Student Financial Services Office that they are a Class Member and wish to use their credit towards their studies. To collect the complimentary ticket to Alumni Weekend, Class Members shall contact the Advancement Office during the registration process to request a complimentary ticket. The Non-Cash Benefits shall be available to students for two (2) calendar years after the Final Effective Date.

## Question 5.    Who brought this lawsuit and are they being compensated?

This lawsuit was brought by Plaintiff Erik Akerman. Plaintiff Akerman took a lead role in this litigation and assisted in its resolution. In addition to his allocated share as described in Question 4, he will receive no more than $10,000.00 for his efforts to reflect the time and energy expounded on behalf of himself and Class Members in reaching this Settlement.

## Question 6.    What do I have to do to be included in the Settlement?

You do not need to do anything to participate in the settlement. If you do not respond, the Settlement Administrator will mail you a check after the Court approves the Settlement. However, to receive payment in electronic format, complete and return the Election Form by **October 5, 2025**.

The Election Form must be personally filled out by the Class Member who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf. The Election Form must be properly completed, signed, and submitted on www.IthacaRefundLawsuit.com, or mailed to the Settlement Administrator by **October 5, 2025** (the "Notice Response Deadline") at:

*Akerman v. Ithaca College*
c/o Settlement Administrator
P.O. Box 54668
Irvine, CA 92619

If you do not properly complete and timely submit the Election Form, it may delay you receiving your proceeds.
If you timely return the enclosed Election Form to the Settlement Administrator so that it is received through the website Election Form or mailed and postmarked by **October 5, 2025**, the Settlement Administrator will make your payment in the manner you prefer after the settlement has been finally approved by the Court.

Additionally, the Lawsuit will be dismissed with prejudice and Class Members who do not opt-out will fully release and discharge Ithaca. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Ithaca regarding the claims brought in this case. You will be bound by the judgment entered by the Court, unless you opt out. That means that all of the Court's orders will apply to you and legally bind you.  The specific claims you are giving up against Ithaca are described in Sections 1.26, 1.27, 1.28, and 3.6 of the Settlement Agreement which is available at www.IthacaRefundLawsuit.com.

## Question 7.    How do I exclude myself from the Settlement?

Class Members who elect to opt-out of the settlement as set forth in the Settlement must submit a written, signed statement that states he or she is opting out of the Settlement ("Opt-out Statement") and mail it (via First Class United States Mail, postage prepaid) to the Settlement Administrator at the following address:

*Akerman v. Ithaca College*
c/o Settlement Administrator
P.O. Box 54668
Irvine, CA 92619

In order to be valid, the Opt-out Statement must include the name, address, and telephone number of the Class Member, and a statement indicating his or her intention to opt-out. To be effective, an Opt-out Statement must be signed by the Class Member and postmarked by United States Postal Service on or before **XX, 2025**. If you exclude yourself from the Lawsuit and the Settlement, you will NOT be allowed to object to the Settlement as described in Question 12.

## Question 8.    If I don't exclude myself from the Settlement, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue the Defendant for claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if the Settlement will affect your other case. Remember, the exclusion deadline is **XX 2025**.

## Question 9.    If I exclude myself, can I get money from the Settlement?

No. If you exclude yourself, you will not receive any payment from the Settlement Fund.

## Question 10.    Do I have a lawyer in this case?

Attorneys Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514, (516) 873-9550, and Nicholas A. Colella of Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222, (412) 322-9243, have been designated as legal counsel to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. You will not be charged for calling, emailing, or speaking confidentially to Class Counsel. You are permitted to call Class Counsel with any questions and such communications will be confidential and protected. Class Counsel's fees are being paid from the Gross Settlement Fund as part of the Settlement and are subject to the approval of the Court. If you choose not to exclude yourself, you may choose to have an appearance entered on your behalf by counsel of your own choosing or by Class Counsel. This is not necessary to be considered a Class Member in this Action. You will still be a Class Member without an appearance entered on your behalf as long, as you do not exclude yourself from the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

## Question 11.    How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of no more than Five Hundred Thousand ($500,000.00), which represents ⅓ of the Gross Settlement Fund, for fees, plus reasonable costs, and disbursements incurred in connection with this action. The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, investigating the facts, attending court conferences, participating in settlement discussions, and negotiating and overseeing the Settlement.

In addition to attorney's fees, costs, and the service award for Plaintiff Akerman, the Settlement Claims Administrator will also seek up to $44,415.60 from the Court for its services including conducting mailings, performing skip traces, maintaining records, issuing reports, tracking election forms, and handling distributions and tax reporting.

## Question 12.    How do I tell the Court that I don't like the Settlement?

If you have not opted out, and you wish to present your objection to the Court, you must state your intention to do so in a written statement. Your statement should be as detailed as possible, otherwise the Court may not allow you to present reasons for your objection that you did not describe in your written objection.  The statement must include: (1) the objector's name, address and telephone number; (2) an explanation of the basis upon which the objector claims to be a Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (5) a statement indicating whether the objector intends to appear at the Final Approval hearing (either personally or through counsel who files an appearance with the Court in accordance with the appropriate rules); (6) copies of any papers, briefs, declarations, affidavits or other documents upon which the objection is based; (7) a detailed list of any other objections submitted by the Class Member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (8) the objector's signature, in addition to the signature of the objector's attorney (if any) – an attorney's signature alone shall not be deemed sufficient to satisfy this requirement.  Failure to include any of the information or documentation set forth in this paragraph shall be grounds for overruling and/or striking the objection. Your objection may not be heard unless it is submitted timely or postmarked by the **XX, 2025**, Notice Response Deadline and mailed to the Settlement Claims Administrator at:

*Akerman v. Ithaca College*
c/o Settlement Administrator
P.O. Box 54668
Irvine, CA 92619

The Settlement Administrator will share your objection with Class Counsel and Defendant's counsel and file your objection statement with the Court and may request an opportunity to speak with you before any conference or hearing with the Court. You may not object to the Settlement if you submit a letter requesting to exclude yourself or opt-out of the Settlement.

## Question 13.    What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object <u>only if</u> you stay in the Class. Excluding yourself from the Settlement ("opting out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

## Question 14.    Has the Court approved the Settlement?

The Court has granted preliminary approval of the Settlement and anticipates making a final determination after Notices are mailed. The Court will ultimately consider whether the terms of the Settlement are fair, reasonable, and adequate – after reviewing submissions by the Parties that are publicly available on PACER (Public Access to Court Electronic Records) https://pacer.uscourts.gov/

However, if you wish to raise a valid concern, you should alert the attorneys and they can appear at a Final Approval Hearing conference before the Court in Courtroom XX on September 29, 2025, at 10:00 am, at 100 Clinton Street, Syracuse NY 13261 if your issue is not resolved to your satisfaction with the attorneys. If there are objections, the Court will consider them. The presiding judge will decide whether to listen to any issues that are properly raised.

## Question 15.    Are there more details about the Settlement?

This Notice summarizes the proposed settlement. More details are in the Settlement. You can review the Settlement on the settlement website www.IthacaRefundLawsuit.com, or by asking for a copy of the Settlement by writing Michael A. Tompkins, Esq. or Anthony M. Alesandro, Esq. at mtompkins@leedsbrownlaw.com or aalesandro@leedsbrownlaw.com or at Leeds Brown Law, P.C., One Old Country Road, Carle Place, New York 11514, www.leedsbrownlaw.com. Phone calls can be placed to 516.873.9550.

# Exhibit B
Revised Election Form - Clean Version

**ELECTION FORM**
**INSTRUCTIONS: FILL OUT AND RETURN ELECTION FORM**
**BY [DEADLINE]**

\* RETAIN A COPY OF THIS ELECTION FORM, ALONG WITH ANY INFORMATION THAT
WOULD DEMONSTRATE THE TIME AND MANNER IN WHICH IT WAS SUBMITTED \*

---

SIMID «SIMID»
«Notice_Encoded»

«IMbFullBarcodeEncoded»
«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

Your Estimated Settlement Award is: $«MERGED_Tuition/Fees_Net»
Which is Based on Your:  Total Individual Net Tuition & Fees Paid: [Total]

**If you wish to designate a particular form of payment for your share of the Settlement, please sign, date, and return this Election Form to the Settlement Claims Administrator by either (1) website submission at www.IthacaRefundLawsuit.com using the unique Website Login Credentials provided in the Notice, or (2) U.S. postal mail by October 5, 2025 to:**

*Akerman v. Ithaca College*
c/o Settlement Administrator
P.O. Box 54668
Irvine, CA 92619

**You are not required to complete this form in order to receive a payment.  If you do not complete this form, you will receive your share of the Settlement in the form of a check sent to your last known mailing address.**

**Check one box below:**

| | |
|---|---|
| [  ] | I would like to receive my Settlement cash benefit by paper check via First Class Mail. My mailing address has changed from what is printed above (only complete if NEW address): Street: _____ City: _____ State: _____  Zip Code: _____ |
| [  ] | I would like to receive my Settlement cash benefit via PayPal. PayPal Account Email Address: _____ |
| [  ] | I would like to receive my Settlement cash benefit via Venmo. Venmo Account Username: _____ |

**Signature:** _____     **Date:** _____

**Phone Number:** _____     **Email:** _____

You must keep a current address on file with the Settlement Claims Administrator and Class Counsel, along with a valid phone number and email address for updates.

«Barcode»
«BarcodeString»

SIMID «SIMID»

# Exhibit C
Second Revised Notice - In Redline

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF NEW YORK**
Case No. 3:23-cv-1565-ECC-TWD
*Akerman v. Ithaca College*

**ATTENTION: FORMER STUDENTS OF ITHACA COLLEGE**
**YOU MAY BE ENTITLED TO MONEY AS PART OF THE PROPOSED SETTLEMENT**

**Please read this:**

**NOTICE OF CLASS ACTION SETTLEMENT**

«IMbFullBarcodeEncoded»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

Apex ID «Apex ID»
«Barcode_Encoded_112782»

TO:    All students enrolled as undergraduate or graduate students on campus at Ithaca College during the Spring 2020 semester who did not withdraw prior to March 23, 2020, for whom any amount of tuition and fees were paid from any source other than a scholarship or grant from Ithaca to Ithaca for the Spring 2020 semester, and whose tuition and fees have not been refunded in their entirety prior to this Settlement.

DATED: _____, 2025

**PLEASE READ THIS NOTICE CAREFULLY**

This Notice relates to a proposed settlement of this class action litigation. It has been authorized by the United States District Court, Northern District of New York and Honorable Elizabeth C. Coombe, U.S.D.J. It contains important information as to your right to participate in the settlement or elect not to be included in the class. The following pages detail your options, your rights, common questions, and relevant issues that Class Members ask about class action settlements.

More information is available on the settlement website at www.IthacaRefundLawsuit.com

**Your Estimated Settlement Award is: $«MERGED_Tuition/Fees_Net»**
    Which is based on the net amount of tuition and fees paid by you or on your behalf for the Spring 2020 semester, which is reflected in Ithaca College's records to be: [$Total individual net tuition and fees]

Your Website Login Credentials to complete an online payment Election Form are:

| Last Name | «Last Name» |
|-----------|-------------|
| Login ID  | «Apex ID»   |

For a change of address or to receive an electronic payment you will need to submit an Election Form, which is available at the Settlement Website www.IthacaRefundLawsuit.com, which is available at the Settlement Website www.IthacaRefundLawsuit.com. Upon logging in, you will need to input your unique login credentials (found above) and choose the method of payment you would like to receive (physical mailing to your current address, Venmo, or PayPal). You are not required to complete the Election Form in order to receive payment. If you do not complete the Election Form, you will still receive your share of the Settlement in the form of a check to your last known mailing address maintained by Ithaca,

*Formatted: Justified*

*Formatted: Font: 12 pt*

**INTRODUCTION**

Erik Akerman ("Plaintiff"), a student at Ithaca College ("Ithaca" or "Defendant") during the Spring 2020 semester, commenced this action alleging breach of contract and quasi contract claims stemming from Ithaca's transition to remote learning and services during the Spring 2020 Semester as a result of the Covid-19 Pandemic. The court in charge of this case is the United States District Court, Northern District of New York (the "Court"). The lawsuit is known as *Akerman v. Ithaca College* (the "Lawsuit"). Erik Akerman is the Named Plaintiff, and Ithaca is the Defendant (together, the "Parties"). Plaintiff alleges in the Lawsuit that, among other things, Ithaca breached the terms of the contract entered into with Plaintiff and similarly situated individuals when Ithaca stopped providing in-person and on-campus educational services, as well as access to certain campus services and facilities on or about mid-March 2020 at the start of the Covid-19 pandemic. Plaintiff sought, for himself and the

Class members, a pro-rated refund of tuition and fees for the respective time that Ithaca switched to remote learning and services.

Ithaca has defended and vigorously contested the claims in the Lawsuit. Ithaca denies any and all liability and wrongdoing and has asserted numerous defenses, including that the Class Members were provided with the contracted-for services, and Ithaca has not unjustly retained any benefit from the Class Members. The Parties have decided to settle the Lawsuit to avoid the expense, inconvenience, and distraction of litigation. Mediation with Hon. Suzanne H. Segal (Ret.) resulted in a proposal and resolution that was accepted by both Parties to resolve the claims in this action and would result in class-wide relief in exchange for a class-wide release of claims. The Court has not decided who is right and who is wrong.

The Parties have agreed to settle the Lawsuit subject to the approval of the Court via a signed Settlement Agreement and Release (referred to herein as "Settlement"). Ithaca has agreed to confer benefits upon the class in the amount of $1,500,000.00, plus additional benefits (as detailed below), from which it will create a settlement fund that will provide compensation to Class Members, pay for notice and administration costs, provide for any approved service award to Plaintiff, and compensate the attorneys for any approved fees, costs, and expenses. Class Members shall also receive non-cash benefits in terms of (1) a one-time tuition credit of $800 per student if such student attends graduate school at Ithaca, except this benefit shall not apply to physician assistant graduate programs, and (2) a complimentary ticket to Alumni Weekend (as further detailed below in Question 4.a below). The Parties have reached this Settlement through negotiations and mediation sessions, and then presented it to the Court for review and approval. As determined through that process, you are entitled to participate, and your legal rights may be affected. These rights and options are summarized below and explained in detail throughout this Notice.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the Settlement you do not need to do anything. If yYou do nothing you will receive a check upon approval of the Settlement by the Court to your last known mailing address maintained by Ithaca. However, if you want to receive your payment in electronic OR update your mailing address, then you should fill out, sign and return the physical Election Form attached with this Notice to the Settlement Claims Administrator by October 5XX, 2025 [30 days from Mailing] to:<br><br>*Akerman v. Ithaca College*<br>*c/o Settlement Administrator*<br>P.O. Box 54668<br>Irvine, CA 92619<br><br> – or utilize the website that has been established for this case www.IthacaRefundLawsuit.com and complete the online Election Form with your unique login credentials provided on the first page of this Noticeas detailed above. The Election Form will need to be submitted by XXOctober 5, 2025 [30 days from Mailing] no matter what method you choose to submit it with. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the Lawsuit, you must follow the directions outlined in response to Question 7 below. |
| **OBJECT** | If you do not opt-out, you may object to the settlement if you choose to do so.  If you wish to object, you will need to write to the Court to explain why you are objecting or if you believe the Settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the Settlement for claims under Federal law. You will not be bound by the Settlement if you opt-out of this action as described herein. |
| **DO NOTHING** | Any Class Member who does not submit an Opt-Out Statement described herein will be deemed to have accepted the Settlement, will be bound by the Approval Order, and will have any Released Claims released and dismissed with prejudice. Additionally, you will not be allowed to pursue claims (as described herein) against Ithaca, separately or as part of this Lawsuit. |

Formatted Table

## FREQUENTLY ASKED QUESTIONS

**Question 1.    Why did I receive this notice?**

You received this notice because Ithaca's records show that you were enrolled as an on-campus student at Ithaca during the Spring 2020 semester and you did not withdraw prior to March 23, 2020, and may therefore be an eligible Class Member.

The official class definition is: All students enrolled as undergraduate or graduate students on campus at Ithaca College during the Spring 2020 semester who did not withdraw prior to March 23, 2020, for whom any amount of tuition and fees were paid from any source other than a scholarship or grant from Ithaca to Ithaca for the Spring 2020 semester, and whose tuition and fees have not been refunded in their entirety prior to this Settlement. But for the avoidance of any doubt, excluded from the Settlement Class are (1) students who were registered exclusively for online-only classes at the beginning of the Spring 2020 semester, (2) students who paid no tuition or fees (i.e., students who received more in scholarships or grants from Ithaca than what was charged in tuition and/or Mandatory Fees), (3) students who left, withdrew, or otherwise had completed their academic studies prior to March 23, 2020, (4) any District Judge or Magistrate Judge presiding over this Action and members of their families; (5) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (6) persons who properly execute and file a timely request for exclusion from the class; and (7) the legal representatives, successors or assigns of any such excluded persons.

If you believe you are subject to one of these exclusions and wish to discuss, please contact Class Counsel.

**Question 2.    What is a class action?**

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These similarly-situated people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Elizabeth C. Coombe, U.S.D.J. is presiding over this class action.

**Question 3.    Why is there a settlement?**

Plaintiff and Class Counsel analyzed and evaluated the merits of the claims made against Defendant in the litigation. Based upon Class Counsel's due diligence, and the substantial risks of a continued litigation, including the possibility that the Lawsuit, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff and Defendant entered into this Settlement. Ithaca denies all allegations of wrongdoing and liability in this matter. There has been no finding of liability by any Court. However, in order to support its students and to resolve the lawsuit, but without admitting any wrongdoing, Ithaca has agreed to this Settlement. Class Counsel is satisfied that the terms and conditions of this Settlement are fair, reasonable, and adequate, and that this Settlement is in the best interest of Plaintiff and Class Members – especially in light of the uncertainty of the case law and ~~ongoing and~~ potential appellate ~~decisions~~litigation.

**Question 4.    How much will I get paid if I join the Settlement?**

Each Class Member who does not opt-out of participating in the Settlement will receive a proportionate share of the Settlement Fund, as follows:

The Settlement Claims Administrator shall prepare calculations to be approved by the Parties, and the Net Settlement Fund shall be distributed proportionately to all Class Members based on the following terms and criteria:

    I.    Class Members who enrolled for online-only classes at the beginning of the Spring 2020 Semester, who paid no tuition or fees, or who left Ithaca prior to March 23, 2020, are not eligible to collect any proceeds.

    II.    The Net Settlement Fund shall be allocated to Class Members on a prorated basis based on a percentage of net tuition and fees paid to Ithaca during the Spring 2020 Semester. Specifically, each student shall receive a proportionate and prorated distribution of proceeds based on the net amount of tuition and fees paid for the Spring 2020 semester, divided by the total net amount of tuition and fees that all students paid for the Spring 2020 semester to Ithaca. Any Ithaca-backed aid, grants, or other tuition and fee reductions that do not require repayment, as well as any unpaid balances, shall not be counted as tuition and fees paid.

Apex ID: <<Apex ID>>

Additionally, Class Members shall be entitled to the following Non-Cash Benefits:

a.   **Graduate School Tuition Discount and Alumni Weekend.** Class Members shall also receive non-cash benefits in terms of (1) a one-time tuition credit of $800 per student if such student attends graduate school at Ithaca, except this benefit shall not apply to physician assistant graduate programs, and (2) a complimentary ticket to Alumni Weekend. To collect the one-time tuition credit, Class Members shall, as part of the financial aid process, indicate to the Student Financial Services Office that they are a Class Member and wish to use their credit towards their studies. To collect the complimentary ticket to Alumni Weekend, Class Members shall contact the Advancement Office during the registration process to request a complimentary ticket. The Non-Cash Benefits shall be available to students for two (2) calendar years after the Final Effective Date.

**Question 5.    Who brought this lawsuit and are they being compensated?**

This lawsuit was brought by Plaintiff Erik Akerman. Plaintiff Akerman took a lead role in this litigation and assisted in its resolution. In addition to his allocated share as described in Question 4, he will receive no more than $10,000.00 for his efforts to reflect the time and energy expounded on behalf of himself and Class Members in reaching this Settlement.

**Question 6.    What do I have to do to be included in the Settlement?**

You do not need to do anything to participate in the settlement. If you do not respond, the Settlement Administrator will mail you a check after the Court approves the Settlement. However, to receive payment in electronic format, complete and return the Election Form by ~~XX~~October 5, 2025.

The Election Form must be personally filled out by the Class Member who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf. The Election Form must be properly completed, signed, and submitted on www.IthacaRefundLawsuit.com , or mailed to the Settlement Administrator by October 5XX, 2025 (the "Notice Response Deadline") at:

*Akerman v. Ithaca College*
c/o Settlement Administrator
P.O. Box 54668
Irvine, CA 92619

If you do not properly complete and timely submit the Election Form, it may delay you receiving your proceeds. If you timely return the enclosed Election Form to the Settlement Administrator so that it is received through the website Election Form or mailed and postmarked by [DEADLINE]October 5, 2025, the Settlement Administrator will make your payment in the manner you prefer after the settlement has been finally approved by the Court.

Additionally, the Lawsuit will be dismissed with prejudice and Class Members who do not opt-out will fully release and discharge Ithaca. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Ithaca regarding the claims brought in this case. You will be bound by the judgment entered by the Court, unless you opt out. That means that all of the Court's orders will apply to you and legally bind you. The specific claims you are giving up against Ithaca are described in Sections 1.26, 1.27, 1.28, and 3.6 of the Settlement Agreement which is available at www.IthacaRefundLawsuit.com.

**Question 7.    How do I exclude myself from the Settlement?**

Class Members who elect to opt-out of the settlement as set forth in the Settlement must submit a written, signed statement that states he or she is opting out of the Settlement ("Opt-out Statement") and mail it (via First Class United States Mail, postage prepaid) to the Settlement Administrator at the following address:

*Akerman v. Ithaca College*
c/o Settlement Administrator
P.O. Box 54668
Irvine, CA 92619

In order to be valid, the Opt-out Statement must include the name, address, and telephone number of the Class Member, and a statement indicating his or her intention to opt-out. To be effective, an Opt-out Statement must be signed by the Class Member and postmarked by United States Postal Service on or before XX, 2025.If you exclude yourself from the Lawsuit and the Settlement, you will NOT be allowed to object to the Settlement as described in Question 12.

**Question 8.    If I don't exclude myself from the Settlement, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue the Defendant for claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if the Settlement will affect your other case. Remember, the exclusion deadline is **XX 2025**.

| **Question 9.     If I exclude myself, can I get money from the Settlement?** |
| --- |

No. If you exclude yourself, you will not receive any payment from the Settlement Fund.

| **Question 10.    Do I have a lawyer in this case?** |
| --- |

Attorneys Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514, (516) 873-9550, and Nicholas A. Colella of Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222, (412) 322-9243, have been designated as legal counsel to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. You will not be charged for calling, emailing, or speaking confidentially to Class Counsel. You are permitted to call Class Counsel with any questions and such communications will be confidential and protected. Class Counsel's fees are being paid from the Gross Settlement Fund as part of the Settlement and are subject to the approval of the Court. If you choose not to exclude yourself, you may choose to have an appearance entered on your behalf by counsel of your own choosing or by Class Counsel. This is not necessary to be considered a Class Member in this Action. You will still be a Class Member without an appearance entered on your behalf as long, as you do not exclude yourself from the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **Question 11.    How will the lawyers be paid?** |
| --- |

Class Counsel will ask the Court to approve payment of no more than Five Hundred Thousand ($500,000.00), which represents ⅓ of the Gross Settlement Fund, for fees, plus reasonable costs, and disbursements incurred in connection with this action. The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, investigating the facts, attending court conferences, participating in settlement discussions, and negotiating and overseeing the Settlement.

In addition to attorney's fees, costs, and the service award for Plaintiff Akerman, the Settlement Claims Administrator will also seek up to ~~XX~~ $44,415.60 from the Court for its services including conducting mailings, performing skip traces, maintaining records, issuing reports, tracking election forms, and handling distributions and tax reporting.

| **Question 12.    How do I tell the Court that I don't like the Settlement?** |
| --- |

If you have not opted out, and if you wish to present your objection to the Court, you must state your intention to do so in a written statement. Your statement should be as detailed as possible, otherwise the Court may not allow you to present reasons for your objection that you did not describe in your written objection.  The statement must include: (1) the objector's name, address and telephone number; (2) an explanation of the basis upon which the objector claims to be a Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (5) a statement indicating whether the objector intends to appear at the Final Approval hearing (either personally or through counsel who files an appearance with the Court in accordance with the appropriate rules); (6) copies of any papers, briefs, declarations, affidavits or other documents upon which the objection is based; (7) a detailed list of any other objections submitted by the Class Member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (8) the objector's signature, in addition to the signature of the objector's attorney (if any) – an attorney's signature alone shall not be deemed sufficient to satisfy this requirement.  Failure to include any of the information or documentation set forth in this paragraph shall be grounds for overruling and/or striking the objection. Your objection may not be heard unless it is submitted timely or postmarked by the **XX, 2025,** Notice Response Deadline and mailed to the Settlement Claims Administrator at:

*Akerman v. Ithaca College*
c/o Settlement Administrator
P.O. Box 54668
Irvine, CA 92619

The Settlement Administrator will share your objection with Class Counsel and Defendant's counsel and file your objection statement with the Court and may request an opportunity to speak with you before any conference or hearing with the Court. You may not object to the Settlement if you submit a letter requesting to exclude yourself or opt-out of the Settlement.

**Question 13.   What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Settlement ("opting out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

**Question 14.   Has the Court approved the Settlement?**

The Court has granted preliminary approval of the Settlement and anticipates making a final determination after Notices are mailed. The Court will ultimately consider whether the terms of the Settlement are fair, reasonable, and adequate – after reviewing submissions by the Parties that are publicly available on PACER (Public Access to Court Electronic Records) https://pacer.uscourts.gov/

However, if you wish to raise a valid concern, you should alert the attorneys and they can appear at a Final Approval Hearing conference before the Court in Courtroom XX on September 29, 2025, at 10:00 am, at 100 Clinton Street, Syracuse NY 13261 if your issue is not resolved to your satisfaction with the attorneys. If there are objections, the Court will consider them. The presiding judge will decide whether to listen to any issues that are properly raised.

**Question 15.   Are there more details about the Settlement?**

This Notice summarizes the proposed settlement. More details are in the Settlement. You can review the Settlement on the settlement website www.IthacaRefundLawsuit.com, or by asking for a copy of the Settlement by writing Michael A. Tompkins, Esq. or Anthony M. Alesandro, Esq. at mtompkins@leedsbrownlaw.com or aalesandro@leedsbrownlaw.com or at Leeds Brown Law, P.C., One Old Country Road, Carle Place, New York 11514, www.leedsbrownlaw.com. Phone calls can be placed to 516.873.9550.

Apex ID: <<Apex ID>>

# Exhibit D

Revised Election Form - In Redline

**ELECTION FORM**
**INSTRUCTIONS: FILL OUT AND RETURN ELECTION FORM**
**BY [DEADLINE]**

* RETAIN A COPY OF THIS ELECTION FORM, ALONG WITH ANY INFORMATION THAT
WOULD DEMONSTRATE THE TIME AND MANNER IN WHICH IT WAS SUBMITTED *

SIMID «SIMID»
«Notice_Encoded»

«IMbFullBarcodeEncoded»
«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

Your Estimated Settlement Award is: $«MERGED_Tuition/Fees_Net»
Which is Based on Your:  Total Individual Net Tuition & Fees Paid: [Total]

**If you wish to designate a particular form of payment for your share of the Settlement, please sign, date, and return
this Election Form to the Settlement Claims Administrator by either (1) website submission at
www.IthacaRefundLawsuit.com using the unique Log In informationWebsite Login Credentials provided in the
Notice, or (2) U.S. postal mail by XXXXOctober 5, 2025 to:**

*Akerman v. Ithaca College*
c/o Settlement Administrator
P.O. Box 54668
Irvine, CA 92619

*Akerman v. Ithaca College*
c/o Settlement Administrator
[Address]

**You are not required to complete this form in order to receive a payment.  If you do not complete this form, you
will receive your share of the Settlement in the form of a check sent to your last known mailing address.**

**Check one box below:**

| | |
|---|---|
| [ ] | I would like to receive my Settlement cash benefit by paper check via First Class Mail.<br>My mailing address has changed from what is printed above (only complete if NEW address):<br>    Street: _____<br>    City:   _____<br>    State: _____ Zip Code: _____ |
| [ ] | I would like to receive my Settlement cash benefit via PayPal.<br>PayPal Account Email Address: _____ |
| [ ] | I would like to receive my Settlement cash benefit via Venmo.<br>Venmo Account Username: _____ |

**Signature:** _____    **Date:** _____

**Phone Number:** _____    **Email:** _____

You must keep a current address on file with the Settlement Claims Administrator and Class Counsel, along with a valid

Page 1 of 2
ELECTION FORM

«Barcode»
«BarcodeString»

SIMID «SIMID»

Formatted: Normal, Left, Indent: Left:  0", Right:  0"

phone number and email address for updates.

Page 2 of 2
ELECTION FORM

«Barcode»
«BarcodeString»

SIMID  «SIMID»