UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIK AKERMAN, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ITHACA COLLEGE,<br><br>Defendant. | Case No: 3:23-CV-1565 (ECC/TWD) |

**MEMORANDUM DECISION & ORDER**

Class Counsel moves for an award of attorneys' fees in the amount of $500,000, which constitutes 33.33% of the value of the Settlement. Dkt. No. 64. For the following reasons, the motion is granted.

**I.   Method of Calculating Attorneys' Fees**[1]

"Attorneys who create a common fund from which members of a class are compensated are entitled to a reasonable fee—set by the court—to be taken from the fund." *Story v. SEFCU*, No. 1:18-cv-764 (MAD/DJS), 2021 WL 736962, at *11 (N.D.N.Y. Feb. 25, 2021) (internal quotation marks and citation omitted). "Such a fee award directly depletes the amount by which

---

[1] This discussion of the applicable law is taken from United States District Judge Anne M. Nardacci's cogent summary in *Brookmann v. Bank of Greene County*, 1:22-cv-390 (AMN/ATB), 2023 WL 7019273 (N.D.N.Y. Oct. 25, 2023).

the class benefits." *Id.* "Accordingly, the Court has a duty to award fees with moderation and a regard for the rights of those with an interest in the fund who are not before the Court." *Id.* (citation omitted).

The Second Circuit "has sanctioned two methods—the percentage method and lodestar method—for calculating reasonable attorneys' fees in class actions." *Story*, 2021 WL 736962, at *12 (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). "The Court has discretion to award fees based on either the percentage method or the lodestar method." *Id.* (citing *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)). "Courts in this Circuit routinely use the percentage method to compensate attorneys in common fund cases such as this action." *Id.* (citations omitted). The "percentage method" is the far simpler method "by which the fee award is some percentage of the fund created for the benefit of the class." *Id.* (internal quotation marks and citations omitted). "When utilizing the percentage method, courts often 'crosscheck' the adequacy of the resulting fee by applying the lodestar method." *Id.* (citing *Goldberger,* 209 F.3d at 50). "Under use of either method, the touchstone of the inquiry is whether the award is reasonable." *Id.* (citing *Goldberger*, 209 F.3d at 50). "A court determines reasonableness by evaluating: (1) counsel's time and labor; (2) the litigation's complexities and magnitude; (3) the litigation risks; (4) quality of representation; (5) the relationship of the requested fee to the settlement; and (6) considerations of public policy." *Id.* (citation omitted).

### A. Comparison to Court-Approved Fees in Other Common Fund Settlements

"In using the percentage of the fund approach, the Court must first determine a baseline reasonable fee percentage in relation to the settlement, using common fund settlements of similar magnitude and complexity as guidance." *Story*, 2021 WL 736962, at *12 (citation omitted). "Additionally, a sliding scale approach—awarding a smaller percentage of the settlement as the

amount of the settlement fund increases—is appropriate in order to avoid overcompensating the plaintiff's counsel to the detriment of the class members they represent." *Id.* (citations omitted).

Class Counsel argues that a fee of 33.33% of the value of the Settlement to be payable from the Settlement Fund is reasonable and commonly awarded in cases of this nature. The Court finds that it is a reasonable baseline in the present matter. *See also Edwards v. Mid-Hudson Valley Fed. Credit Union*, No. 1:22-cv-562 (TJM/CFH), 2023 WL 5806409, at *11 (N.D.N.Y. Sept. 7, 2023) (awarding class counsel 33.33% of the Settlement Fund); *Lowe v. NBT Bank, N.A.*, No. 3:19-cv-1400 (MAD/ML), 2022 WL 4621433, at *11 (N.D.N.Y. Sept. 30, 2022) (same); *Thompson v. Cmty. Bank, N.A.*, No. 8:19-cv-919 (MAD/CFH), 2021 WL 4084148, at *10 (N.D.N.Y. Sept. 8, 2021) (same); *Baudin v. Res. Mktg. Corp., LLC*, No. 1:19-cv-386, 2020 WL 4732083, at *12 (N.D.N.Y. Aug. 13, 2020) (same). The Court also notes that Plaintiff's Motion for Final Approval details numerous cases involving COVID-19 refunds where courts have awarded fees at 33.33%. *See* Dkt. No. 63-13 at 15.

### B. Counsel's Time and Labor

Class Counsel expended significant effort to achieve the settlement. During the formal litigation of this Action, Class Counsel conducted a thorough investigation into the merits of the potential claims and defenses. Dkt. No. 63-1 at ¶ 37. Class Counsel engaged in discovery. *Id.* at ¶ 37. Finally, Class Counsel took part in mediation, and negotiated the terms of a favorable settlement for Plaintiff and the Class Members. *Id.* at ¶ 11.

Class Counsel is particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases involving COVID-19 refunds. *Id.* at ¶¶ 29-30. In negotiating this Settlement, Class Counsel had the benefit of years of experience and familiarity with the facts of this case as well as with other cases involving COVID-19 refunds across the country. *Id.*

Upon completion of the Agreement, Plaintiff drafted and filed his motion for Preliminary Approval. Dkt. No. 52. After Preliminary Approval was granted, Class Counsel worked and communicated with the Settlement Administrator to ensure that the Notice Program was carried out efficiently and correctly. Further, Class Counsel spent hours preparing the Motion for Final Approval, which included the filing of additional declarations, and preparing for and attending the Final Approval Hearing. Further, there will be additional post-Final Approval work of approximately 25-100 hours ensuring that the settlement benefits are properly distributed to Class Members, responding to Class Members' inquiries, and effectuating distribution to the scholarship fund, as needed. Dkt. No. 63-1 at ¶ 41.

Class Counsel asserts that they spent 470.7 hours "in the prosecution of this case." Dkt. No. 63-1 at ¶ 38. Considering the complexity of class actions in general and the overall result obtained, the Court finds that the time spent by counsel is reasonable and supports the requested award. *See also* Dkt. No. 63-1 at ¶ 40 (detailing case where rates approved by other courts).

### C. Complexity of the Case

The magnitude and complexity of this case also supports the requested award. "Most class actions are inherently complex, and settlement avoids the costs, delays and multitudes of other problems associated with them." *Story*, 2021 WL 736962, at *13 (internal quotation marks and citation omitted). This case is no exception. Although Plaintiff's claims involved basic contract and quasi contract claims, the context of the pandemic and rapidly developing caselaw created issues of first impression with thorny issues to establish damages and likely appellate litigation.

### D. Risk of Litigation

Class Counsel undertook risk in accepting the case on a contingency basis. *Story*, 2021 WL 736962, at *13. In the face of the risk of no recovery, Class Counsel proceeded with the

litigation and obtained a favorable outcome for the class. Thus, Class Counsel invested extensive time and costs with no guarantee of success.

### E. Quality of the Representation

Class Counsel competently and efficiently represented Plaintiff in prosecuting this Action. As such, this factor supports the requested award.

### F. Policy Considerations

Lastly, the attorneys' fees award may be altered due to policy considerations. *See In re World Trade Ctr. Disaster Site Litig.*, 754 F.3d 114, 127 (2d Cir. 2014). Attorneys' fees should reflect the important public policy goal of "providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *Goldberger*, 209 F.3d at 51 (citation omitted). "On the other hand, fees should compensate counsel only for the value they create, or the court risks incentivizing class counsel to settle cases in a manner detrimental to the class." *Story*, 2021 WL 736962, at *13 (citation omitted).

Class Counsel obtained a favorable settlement in an efficient manner. Ultimately, Class Counsel's fee award is tied directly to the value of the Settlement they created. Accordingly, the Court grants Class Counsel an award of attorneys' fees in the amount of $500,000.

### G. Lodestar Cross-Check

When assessing the reasonableness of a fee award, the Court may use the lodestar amount as a cross-check for the percentage of the fund method. *In re Citigroup Inc. Sec. Litig.,* 965 F. Supp. 2d 369, 388 (S.D.N.Y. 2013). When the lodestar method is used as a cross-check, "the Court need not exhaustively scrutinize the hours documented by class counsel; instead the reasonableness of the lodestar can be tested by the court's familiarity with the case." *Melito v.*

*Am. Eagle Outfitters, Inc.*, 14-cv-2440, 2017 WL 3995619, at * 19 (S.D.N.Y. Sept. 11, 2017) (internal quotation marks and citation omitted).

Here, Class Counsel asserts that its lodestar is $267,202.50, thereby making Class Counsel's request for 33% of the Settlement Fund to be a multiplier of 1.871 their lodestar. Dkt. No. 63-1 at ¶ 39. The lodestar multiplier further supports the Court's decision that the attorneys fees award should be based on the Settlement Fund. *See e.g. Sewell v. Bond Lend Leas, Inc.*, 09-Civ.-6548, 2012 WL 1320124, at *13 ("Courts commonly award lodestar multipliers between two and six."); *In re Lloyd's Am. Trust Fund Litig.*, 96-cv-1262, 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002) (a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit"). Accordingly, the Court finds that Class Counsel is entitled to $500,000 in reasonable attorney's fees.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion for Attorney Fees is GRANTED.

Dated: October 31, 2025

_____
Elizabeth C. Coombe
U.S. District Judge